UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JESSICA RUBIO**, <br><br> Plaintiff, <br><br> v. <br><br> **DISTRICT OF COLUMBIA and CORRECTIONS CORPORATION OF AMERICA,** <br><br> Defendants. | Civil Action No. 10-cv-262 (RLW) |

### ORDER

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment, (Doc. 14.) For the reasons spelled out below, the motion is hereby DENIED WITHOUT PREJUDICE.

In this action, Plaintiff asserts claims for violation of her constitutional rights over alleged sexual abuse she suffered while in the custody of the District of Columbia correctional system. (Doc. 11, First Am. Compl. ¶¶ 22-31.) Plaintiff also asserts a separate common law claim for "false imprisonment," which forms the basis of her summary judgment motion. (*Id*. ¶¶ 32-35.) According to Plaintiff's statement of undisputed facts, Defendants released her from custody approximately fifteen days after her scheduled release date. (Doc. 14, Mot. For Partial Summ. J. at 7.) In support of her claims, Plaintiff attached copies of the following: (1) a judgment and commitment order; (2) a "D.C. Department of Corrections Face Sheet"; (3) a document regarding "Credit For Time Spent In Jail"; and (4) her "Inmate Request Form." (Doc. 14-1 through 14-4.) These documents appear to corroborate Plaintiff's claim that, on

1

July 6, 2009, she was sentenced for 90 days, with thirteen days' credit for time served. (Doc. 14-1; 14- 2.) As such, Plaintiff calculated her scheduled release date as September 20.[1] When she was not released as scheduled, she complained to jail officials by submitting an "Inmate Request Form" on September 20, in which she clearly stated that she was being held past her release date, she asked for permission to call her attorney, and asked if something could be done about the matter "fast." (Doc. 14-4.) From the documents Plaintiff submitted, it appears she was finally released on October 6: fifteen days beyond her scheduled release date.[2] (Doc. 14-3.)

In response to Plaintiff's motion, Defendants argue that Plaintiff is not entitled to summary judgment because intent is an essential element of a false imprisonment claim and Plaintiff has failed to proffer any facts which might establish that Defendants acted with intent to continue her incarceration past her scheduled release date. Defendants also argue that "it is inappropriate to resolve issues of credibility, motive and intent" on a motion for summary judgment.

All of the pleadings relating to the summary judgment motion are woefully lacking, procedurally and substantively, thereby making it difficult for this Court to properly evaluate the parties' arguments. First, counsel for Plaintiff violated the local rules of this Court by including, in the summary judgment submission filed on the public docket, documents that violate the privacy requirements of this Court. Specifically, several of Plaintiff's exhibits (which this Court has recently placed under seal) contain personal identifiers in violation of Local Rule 5.4(f).

---

1 The D.C. Department of Corrections Face Sheet submitted by Plaintiff states that her "full term date" was September 16, 2009.

2 October 6 was fifteen days after the correct release date of September 21.

Additionally, although counsel for Plaintiff did attach to the pleadings "a statement of material facts as to which the moving party contends there is no genuine issue," he failed to include citations "the parts of the record relied on to support the statement" of facts. This omission violates Local Rule 7(h)(1).

Equally troubling is Defendants' failure to follow the local rules in support of their opposition. Under the local rules, "[a]n opposition to [a summary judgment] motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." LCvR 7(h)(1). Defendants failed to indicate which, if any, facts are disputed. This lackadaisical approach bears some risk, as the Court "may assume that facts identified by the moving party in its statement of material facts are admitted." LCvR 7(h)(1). Indeed, Defendants failed to offer any facts or provide any documentary evidence, in their response, which might explain why Plaintiff was held beyond her scheduled release date.

These omissions are potentially fatal. Under District of Columbia law, once Plaintiff comes forward with sufficient evidence to establish a prima facie case for false imprisonment, which she has succeeded in doing, the burden then shifts to the Defendant to establish that the detainment was justified. *See Safeway Stores, Inc. v. Kelly*, 448 A.2d 856, 862 (D.C. 1982). Without any evidence on the record to establish justification for the continued detainment, summary judgment for Plaintiff could possibly be appropriate. Although courts have cautioned that summary judgment should be granted "sparingly" in cases involving intent, the courts have also held that summary judgment is proper in some intent cases. *See, e.g., Willis v. Cheek*, 387

A.2d 716, 719 (D.C. 1978) (citations omitted). Specifically, where the "movant succeeds in demonstrating that there is no genuine dispute as to the lack of the requisite state of mind on the part of the defendants and his opponent utterly fails to rebut that showing, summary judgment is proper." *Id*.

Not only have the parties failed to follow the local rules, they have also failed to offer sufficient legal authority or legal argument spelling out the precise parameters of the false imprisonment claim and its defenses. Specifically, neither party offered legal authority which clearly explains that, under District of Columbia law, Plaintiff can establish a prima facie case for false imprisonment simply by showing the Defendant acted with intent to <u>detain</u> her, for any length of time. *Standardized Civil Jury Instructions for the District of Columbia*, False Arrest Defined § 18.02 (hereinafter "*Jury Instructions*");[3] *Dent v. May Dept. Stores Co.*, 459 A.2d 1042, 1044 (D.C. 1982). Plaintiff need not establish malice or prove Defendant had the specific intent that she remain in custody beyond her release date. *See, e.g., Marshall v. District of Columbia*, 391 A.2d 1374, 1380 (D.C. 1978) ("Intent is required, though malice is not . . . ."). Instead, once Plaintiff proffers evidence of intentional detainment or restraint, the burden then shifts to the defendant to establish "legal justification" for its conduct. *Jury Instructions* § 18.02, *cited in Enders v. District of Columbia*, 4 A.3d 457, 464 (D.C. 2010).

District of Columbia law instructs that a Defendant may establish "legal justification" by showing that: (1) the Defendant "'believed, in good faith, that his or her conduct was lawful,'" and (2) "this 'belief was reasonable.'" *District of Columbia v. Murphy*, 631 A.2d 34, 36 (D.C.

---

[3] "'False arrest' is indistinguishable as a practical matter from the common law tort of 'false imprisonment.'" *Enders v. District of Columbia*, 4 A.3d 457, 461 (D.C. 2010) (citations omitted).

1993) (citation omitted); *Enders*, 4 A.3d at 464 n.10; *Jury Instructions* § 18.03.  A defendant is unable to meet this burden if there is an "[u]nreasonable delay in releasing a person after he or she has a right to be released. . . .  However, there is no liability for prolonging detention until the officers become convinced of the truth of the detainee's claim." *Minch v. District of Columbia*, 952 A.2d 929, 938 n.8 (D.C. 2008) (citing 32 Am. Jur. 2d *False Imprisonment* § 32 (2007)); *Scott v. District of Columbia*, 493 A.2d 319, 322-23 (D.C. 1985) (finding continued detention of Plaintiff during the normal processing procedures at the police station was not unreasonable, even where an officer expressed suspicion that Plaintiff was the wrong person).

Given this legal backdrop, there appears to be some merit to Plaintiff's summary judgment motion:  Plaintiff has clearly established intentional detainment and Defendants have failed to offer any evidence of legal justification.  That is, Defendants have put forth no evidence which might suggest that they held a reasonable good faith belief that Plaintiff was to remain incarcerated until she was actually released.  Nor have Defendants offered any evidence that they released Plaintiff within a reasonable amount of time after she notified Defendants that her release date had passed.  However, inasmuch as both parties have failed to comply with the local rules and failed to adequately brief the legal issues, the undersigned finds that requiring further briefing and explanation is the appropriate course of action.

Accordingly, Defendants shall file an amended response to Plaintiff's motion by **Wednesday May 18, 2011**.  Additionally, by separate notice, Defendants shall certify that the Attorney General of the District of Columbia has read this Order and approved Defendants' amended responsive pleading.  Plaintiff shall file an amended reply brief by **Wednesday May 25, 2011**.

Both parties are admonished to make certain that future filings in this Court adhere to the local rules of the Court and the Federal Rules of Civil Procedure and that their responses to this Order address the concerns raised in this order regarding the legal requirements/defenses associated with the parties' arguments.

SO ORDERED.
April 27, 2011

                                       /s/
                                _____
                                Robert L. Wilkins
                                United States District Judge