SUMMARY MEMORANDUM – NOT INTENDED FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JESSICA RUBIO**,<br><br>            Plaintiff,<br><br>            v.<br><br>**DISTRICT OF COLUMBIA and CORRECTIONS CORPORATION OF AMERICA,**<br><br>            Defendants. | Civil Action No. 10-cv-262 (RLW) |

## MEMORANDUM OPINION GRANTING
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment, (Doc. 14.)   The facts and procedural background of this case have been discussed in the pleadings of the parties and a prior order of the Court, and the Court will not reiterate all of the facts and background here.  For the reasons listed below, the motion is hereby granted.

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment as to her false imprisonment claim.   The District of Columbia (hereinafter "District") concedes that Plaintiff's sentence terminated on September 16, 2009, but that Plaintiff was not released from incarceration until October 6, 2009.  (Doc. 31, Defs. Br. at 7-8.)   As stated by the District, "[t]he issue that must be resolved is whether Plaintiff's release from custody was unreasonably delayed once the District knew that Plaintiff was still in custody at the Rappahannock Regional Jail."  (Doc. 31 at 9.)

1

SUMMARY MEMORANDUM – NOT INTENDED FOR PUBLICATION

The District asserts that on August 4, 2009, when the District transferred Plaintiff from the custody of the District's Department of Corrections to the Rappahannock Regional Jail in Stafford, Virginia to serve the remainder of her sentence, one or more District employees erroneously recorded that Plaintiff had been released from custody altogether. (Doc. 31 at 3-4.) Thus, the District contends that it was not aware that Plaintiff was still in custody at the Rappahannock facility when Plaintiff's sentence terminated on September 16, 2009, because the pertinent District records erroneously indicated that Plaintiff had been released.   (Id.) The District further asserts that it did not obtain actual knowledge that Plaintiff was still in custody at the Rappahannock facility until October 6, 2009, following an inquiry by its Office of General Counsel, and that it released Plaintiff within a few hours of receiving such actual notice. (Id. at 4-5.) Thus, the District argues that summary judgment is not proper because there is a question of fact as to whether it acted reasonably in releasing Plaintiff within a few hours of when it asserts that it received actual notice of Plaintiff's illegal incarceration.

There is a fatal flaw in the District's analysis. The District does not dispute that on September 20, 2009, Plaintiff notified personnel at the Rappahannock facility where she was incarcerated that she was due to be released because her sentence had expired.[1] (Doc. 31 at 3-4.) Article IV of The Interstate Corrections Compact, which has been entered into by the District and which governs transfers to the Rappahannock facility, specifies that when an interstate transfer is made the receiving state acts solely as an "agent" for the sending state:

---

[1] Plaintiff apparently believed that her sentence terminated on September 20, 2009, rather than on the correct date of September 16, 2009.

2

SUMMARY MEMORANDUM – NOT INTENDED FOR PUBLICATION

> (a) Whenever the appropriate officials in a state party to this compact and which has entered into a contract pursuant to Article III shall decide that confinement in or transfer of an inmate to an institution within the territory of another party state is necessary or desirable in order to provide adequate quarters and care or an appropriate program of rehabilitation or treatment, the appropriate officials may direct that the confinement be within an institution within the territory of the other party state, *the receiving state to act in that regard solely as agent for the sending state*.

D.C. Code § 24-1001 (emphasis added).  Thus, the District maintains jurisdiction over inmates transferred to Virginia state institutions pursuant to the Interstate Compact, and the Rappahannock facility was therefore acting as an agent of the District of Columbia while it was holding the Plaintiff. [2]   See Taylor v. Washington, 808 A.2d 770, 774 (D.C. 2002); Jackson v. District of Columbia, 89 F. Supp. 2d 48, 54-55 (D.D.C 2000), vacated in part on other grounds, 254 F.3d 262 (D.C. Cir. 2001).

Because the Rappahannock Regional Jail was acting as an agent of the District, facts known to Rappahannock are properly imputed to the District.  See National R.R. Passenger Corp. v. Notter, 677 F. Supp. 1, 6 (D.D.C. 1987) (citing McHugh v. Duane, 53 A.2d 282, 285 (D.C. 1947)) See generally Restatement 3d of Agency § 5.03 ("For purposes of determining a principal's legal relations with a third party, notice of a fact that an agent knows or has reason to know is imputed to the principal if knowledge of the fact is material to the agent's duties to the principal. . . .")  As a result, when Plaintiff notified Rappahannock officials on September 20, 2009 that her sentence had terminated, this notification to the agent is properly imputed to the

---

[2] "The Compact also provides that transfer to another state's facility does not deprive an inmate of any 'legal rights which the inmate would have had' if confined in the sending state . . . ." Taylor, 808 A.2d at 774 (quoting Article IV(e) of the Interstate Compact).  Thus, the District properly concedes that it had the "power and duty" to release Plaintiff when her sentence terminated on September 16, 2009. (Doc. 31-1 ¶ 5.)

SUMMARY MEMORANDUM – NOT INTENDED FOR PUBLICATION

principal, the District of Columbia.[3]

Thus, the question is not whether the District acted reasonably by releasing Plaintiff within hours after being informed by its Office of General Counsel on October 6, 2009 that Plaintiff was still in custody. The question is whether the District acted reasonably in delaying Plaintiff's release for sixteen days after September 20, 2009, when it learned through its agent that Plaintiff was incarcerated and due for release. See Minch v. District of Columbia, 952 A.2d 929, 938 n.8 (D.C. 2008) (citing 32 Am. Jr. 2d False Imprisonment § 32 (2007)); Scott v. District of Columbia, 493 A.2d 319, 322-23 (D.C. 1985).   The cases cited by the District, which upheld delays of up to 48 hours after notification of an overdue release as reasonable if necessary to complete administrative processing, (Doc. 31 at 7), do not come close to supporting a contention that a 16-day delay in releasing an inmate after notification of a sentence termination is reasonable. Accordingly, the Court finds that any delay beyond 48 hours in releasing an inmate whose sentence has expired, and certainly a 16-day delay, is unreasonable as a matter of law.

Therefore, the motion for partial summary judgment on the false imprisonment claim will be granted as to liability for at least 14 days of false imprisonment (from September 22, 2009 to

---

[3] Focusing on September 20, the date Plaintiff notified the Rappahannock officials of her illegal incarceration, ignores the fact that Rappahannock officials were certainly aware that Plaintiff was being held in their facility on September 16, 2009, that such knowledge is properly imputed to the District, and that the District knew that Plaintiff's sentence terminated on September 16, 2009. Furthermore, as the District acknowledges, (Doc. 31 at 2), Rubio filed a prior lawsuit in federal court against the District on September 2, 2009 styled *Rubio v. District of Columbia*, 09-cv-1674 (EGS). The Court takes judicial notice that the complaint in that matter, (Compl. ¶¶ 15, 18-20), specifically alleged that as of the date of its filing, Plaintiff was incarcerated in the Rappahannock facility pursuant to a District of Columbia sentence; moreover, the District was aware of the complaint no later than September 25, 2009, when it sought leave to respond to the complaint. Thus, at least as of September 25, 2009, the District had been put on direct notice that Plaintiff had not been released from custody back on August 4, 2009.

SUMMARY MEMORANDUM – NOT INTENDED FOR PUBLICATION

October 6, 2009).  The Court will leave it up to the jury to assess damages for that 14-day period and to determine whether the District is subject to any additional liability for Plaintiff's illegal incarceration from September 16, 2009, the date on which Plaintiff's sentence terminated, to September 22, 2009.

Consistent with this Memorandum Opinion, the parties are hereby directed to jointly submit, by June 28, 2011, a proposed judgment, pursuant to Federal Rule of Civil Procedure 58(a).

SO ORDERED.
June 21, 2011.

/s/
_____
Robert L. Wilkins
United States District Judge